DAVID A. HUBBERT
Deputy Assistant Attorney General

JEREMY N. HENDON (ORBN 982490)
ISAAC M. HOENIG, (New York Bar 5809322)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 353-2466 (Hendon)
Phone: (202)-307-5963 (Hoenig)
Fax: (202) 307-0054
Jeremy.Hendon@usdoj.gov
Isaac.M.Hoenig@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
EUREKA-MCKINLEYVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JANE DOE I as the Personal Representative of the ESTATE OF SIGURD ANDERSON;<br>JANE DOE II as the Personal Representative of the ESTATE OF SUSAN BARLAND;<br><br>Defendant. | Case No.<br><br>COMPLAINT |

Plaintiff, the United States of America, at the request and with the authorization of a delegate of the Secretary of the Treasury in accordance with 31 U.S.C. § 3711(g)(4)(C), and at the direction of the Attorney General of the United States, brings this civil action to enforce its judgment against decedent Sigurd Anderson for his willful failure to report his interest in foreign bank accounts for calendar years 2010 through 2014 pursuant to 31 U.S.C. § 5321(a)(5). In support of this action, the United States alleges as follows:

Complaint

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, 1355 and 3201(f).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1392(b) because a substantial part of the acts or omissions giving rise to this claim occurred in this district and the real property at issue is located in this district.

## DEFENDANTS

3. Decedent Susan Barland ("Ms. Barland") was a United States citizen who up until her death resided in Humboldt County, California.

4. Ms. Barland died in or around January 2022.

5. Upon information and belief, a probate proceeding has not been opened to administer Ms. Barland's estate.

6. Decedent Sigurd Anderson ("Mr. Anderson") was a United States citizen who, up until his death, resided in Humboldt County, California. Mr. Anderson lived in Humboldt County during the time periods relevant to the civil FBAR penalties at issue.

7. Mr. Anderson died in or around November 2019.

8. A probate proceeding was opened in California Superior Court for the County of Humboldt to administer the Estate of Sigurd Anderson in November 2019. *In re Anderson*, 1900290.

9. Susan Barland was appointed as personal representative of Mr. Anderson's estate in February 2020 and served as personal representative until her death in or around January 2022.

10. A successor personal representative for Mr. Anderson's Estate has not yet been appointed.

Complaint

11. Mr. Anderson and Ms. Barland were married from 2005 until Mr. Anderson's death in November 2019.

12. Jane Doe I, currently unknown, is the personal representative of Mr. Anderson's estate.

13. Jane Doe II, currently unknown, is the personal representative of Ms. Barland's estate.

## BACKGROUND

**Sigurd Anderson's Liability for his Willful Failure to Report his Interest in a Foreign Financial Account**

14. On or about May 1, 2018, a delegate of the Secretary of the Treasury timely assessed civil penalties against Mr. Anderson in the total amount of $588,945 due to his willful failure to timely file FBARs and disclose a bank account at UBS AG in Switzerland to the IRS for the calendar years 2010 through 2014 ("FBAR Penalties"). The FBAR penalties were broken down by year as follows:

| Year | FBAR Penalty |
|---|---|
| 2010 | $118,095 |
| 2011 | $117,712 |
| 2012 | $117,714 |
| 2013 | $117,718 |
| 2014 | $117,704 |
| **Total Penalty** | **$588,946** |

*Table 1: FBAR penalties assessed for the 2010–2014 calendar years*

15. A delegate of the Secretary of the Treasury gave notice of the assessments to Mr. Anderson and demanded payment thereof.

16. On April 27, 2020, the United States filed a complaint against Susan Barland, as Personal Representative for the Estate of Sigurd Anderson seeking to reduce the penalty assessments described in paragraph 14 to judgment. *United States v. Barland*, 3:20-cv-02881, Dkt. 1, (N.D. Ca., April 27, 2020).
Complaint

17. On November 16, 2021, this Court entered a judgment in the United States' favor and against Ms. Barland as Personal Representative for the Estate of Sigurd Anderson with respect to the penalties described in paragraph 14 in the total amount of $734,649.62 as of November 12, 2021, plus interest and statutory additions. *Id,* Dkt. 48.

18. No payments have been made on the November 16, 2021, judgment.

19. On December 13, 2021, the United States filed a Notice of Judgment pursuant to Cal. Prob. Code § 9301 in the Estate of Anderson probate case in California Superior Court, County of Humboldt. *In re Anderson*, PR1900290.

### Sigurd Anderson's and Susan Barland's Real Property

20. On September 26, 2006, Sigurd Anderson and Susan Barland acquired real property located 46 Cedar Lane, Redway, California 95501 via grant deed (the "Redway Property"). A true and correct copy of the grant deed is attached as Exhibit 1.

21. On June 3, 2010, Sigurd Anderson and Susan Barland executed a marital agreement specifying their separate and community property. The marital agreement listed the Redway Property as Sigurd Anderson's and Susan Barland's community property. A true and correct copy of the marital agreement is attached as Exhibit 2.

22. On December 18, 2018, Sigurd Anderson executed an Interspousal Grant Deed purporting to transfer his interest in the Redway Property to Susan Barland. A true and correct copy of the Interspousal Grant Deed is attached as Exhibit 3.

//

//

//

//

//

Complaint

# COUNT I

**Set Aside Voidable Transaction under the California Uniform Voidable Transactions Act, Cal. Civ. Code § 3439 *et seq*, and Federal Debt Collection Procedures Act, 28 U.S.C. § 3301 *et seq*, and Determine that the Estate of Susan Barland is Liable for the FBAR Assessments Chargeable against the Redway Property**

23. The United States incorporates the allegations set forth in paragraphs 1 through 22 as though fully set forth herein.

24. At the time Mr. Anderson transferred his interest in the Redway Property to Ms. Barland via the interspousal grant deed, the IRS had made assessments against him for his failure to timely report his interest in a foreign bank account described in paragraph 14.

25. Due to the assessments against him described in paragraph 14, Mr. Anderson was insolvent at the time he transferred his interest in the Redway Property to Ms. Barland.

26. Mr. Anderson did not receive reasonably equivalent value in exchange for transferring his interest in the Redway Property to Ms. Barland via the interspousal grant deed.

27. Mr. Anderson transferred his interest in the Redway Property to Ms. Barland in an attempt to remove or conceal the Redway Property from his creditors, including the United States.

28. Mr. Anderson's transfer of his interest in the Redway Property was to an insider because Mr. Anderson and Ms. Barland were married at the time of the transfer.

29. Mr. Anderson retained possession and control of the Redway Property after transferring his interest in the Redway Property to Ms. Barland.

30. As such, the transfer of Mr. Anderson's interest in the Redway Property to Ms. Barland is void as to the United States and should be set aside pursuant to Cal. Civ. Code § 3439.05(a), and 28 U.S.C. §§ 3394(a)(1) and (b)(1)(B) because Mr. Anderson purported to

Complaint

transfer his interest in the Redway Property without receiving reasonably equivalent value and was insolvent at the time of the transfer.

31. In the alternative, the transfer of Mr. Anderson's interest in the Redway Property to Ms. Barland is void as to the United States and should be set aside pursuant to Cal. Civ. Code § 3439.04(a)(1) and 28 U.S.C. § 3304(b)(1)(A) because Mr. Anderson purported to transfer his interest in the Redway Property to Ms. Barland with actual intent to hinder, delay, or defraud the United States.

32. The United States is entitled to a finding that because the December 18, 2018, transfer of Mr. Anderson's interest in the Redway Property to Ms. Barland is void as to the United States, prior to Mr. Anderson's death, Mr. Anderson and Ms. Barland continued to own the Redway Property as community property despite the interspousal grant deed.

33. Upon Mr. Anderson's death, Ms. Barland was personally liable for the FBAR assessments described in paragraph 14 chargeable against the Redway Property. Cal. Prob. Code §§ 13550, 13551.

34. The United States is entitled to a finding that the December 18, 2018 transfer of the Redway Property from Sigurd Anderson to Susan Barland is set aside as void as to the United States and that Jane Doe II, as Personal Representative of the Estate of Susan Barland, is liable for the FBAR assessments described in paragraph 14 to the extent chargeable against the Redway Property.

## COUNT II

**In the Alternative, Determine that Susan Barland Owned the Redway Property as the Nominee for Sigurd Anderson**

35. The United States incorporates the allegations set forth in paragraphs 1 through 34 as though fully set forth herein.

Complaint

36. Mr. Anderson and Ms. Barland continued to own the Redway Property as community property after Mr. Anderson signed the interspousal grant deed.

37. After signing the interspousal grant deed, Mr. Anderson continued to reside at the Redway property until his death in November 2019.

38. Despite continuing to live at the Redway Property and purporting to transfer his interest in the Redway Property to Ms. Barland, Mr. Anderson never paid rent to Ms. Barland in exchange for living at the Redway Property.

39. Mr. Anderson and Ms. Barland both paid utility bills for the Redway Property.

40. Mr. Anderson and Ms. Barland both made mortgage payments on the Redway Property.

41. Mr. Anderson signed the interspousal grant deed transferring his interest in the Redway Property to Ms. Barland to shield the Redway Property from Mr. Anderson's creditors, including the United States.

42. Mr. Anderson received no consideration in exchange for transferring his interest in the Redway Property to Ms. Barland via the interspousal grant deed.

43. Mr. Anderson transferred his interest in the Redway Property to Ms. Barland via the interspousal grant deed after the IRS had made the assessments against him described in paragraph 14 for failing to report his interest in a foreign bank account and notifying him of those assessments.

44. The United States is entitled to a finding that prior to Mr. Anderson's death, Ms. Barland held the Redway Property partly as the nominee of Mr. Anderson and that Mr. Anderson and Ms. Barland continued to own the Redway Property as community property despite the December 18, 2018, interspousal grant deed.

Complaint

# COUNT III

**Enter a Money Judgment Against Jane Doe II, as Personal Representative for the Estate of Susan Barland pursuant to Cal. Prob. Code §§ 13550, 13551.**

45. The United incorporates the allegations set forth in paragraphs 1 through 44 as though fully set forth herein.

46. Cal. Prob. Code § 13550 provides that, with certain exceptions, upon the death of a married person, the surviving spouse is personally liable for the debts of the deceased spouse chargeable against the property described in Cal. Prob. Code § 13551 to the extent provided in § 13551. Section 13551 provides in turn that the liability imposed by § 13550 shall not exceed the fair market value at the date of the decedent's death, less the amount of any liens and encumbrances, of the total of (a) the portion of one-half of the community and quasi-community property belonging to the surviving spouse under Cal. Prob. Code §§ 100 and 101 that is not exempt from enforcement of a money judgment and is not administered in the estate of the deceased spouse; (b) The portion of the one-half of the community and quasi-community property belonging to the decedent under Sections 100 and 101 that passes to the surviving spouse without administration; and (c) the separate property of the decedent that passes to the surviving spouse without administration.

47. On March 23, 2020, the United States filed a creditor's claim in Mr. Anderson's estate for the unpaid FBAR penalties referenced in paragraph 14 above. On April 10, 2020, Ms. Barland, as Personal Representative for Mr. Anderson's estate, rejected the United States' claim. The United States subsequently obtained a judgment for the unpaid FBAR penalties against Susan Barland as Personal Representative for the Estate of Sigurd Anderson as described in paragraph 17 above, which, pursuant to Cal. Prob. Code § 9301, conclusively establishes the validity of the claim for the amount of the judgment.

Complaint

48. Because, as set forth above, the purported transfer of Mr. Anderson's interest in the Redway property to Ms. Barland on December 18, 2018, is void as to the United States and/or because Ms. Barland held the Redway property partly as Mr. Anderson's nominee, immediately prior to Mr. Anderson's death, Ms. Barland and Mr. Anderson owned the Redway Property as community property.

49. The Redway Property was not administered in Mr. Anderson's estate and was not listed as an asset of Mr. Anderson's estate in the inventory and appraisal filed by Susan Barland, as Personal Representative of Mr. Anderson's estate on September 8, 2021.

50. Accordingly, pursuant to Cal. Prob. Code §§ 13550 and 13551, the United States is entitled to a judgment against Jane Doe II, as Personal Representative for the Estate of Susan Barland, for the judgment entered against Susan Barland, as Personal Representative for the Estate of Sigurd Anderson in *United States v. Barland*, 3:20-cv-02881, Dkt. 48, (N.D. Ca., Nov. 16, 2021) to the extent of the value of the Redway Property and any other community property, quasi-community property, or property of Sigurd Anderson that passed to Ms. Barland without administration in Mr. Anderson's estate.

## COUNT IV

**Enter a Money Judgment Against Jane Doe II, as Personal Representative for the Estate of Susan Barland Pursuant to 31 U.S.C. § 3713 and State Law**

51. The United States incorporates the allegations set forth in paragraphs 1 through 50 as though fully set forth herein.

52. A representative of a decedent's estate paying any part of a debt of the estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the Government. 31 U.S.C. § 3713(b).

53. In addition, if a personal representative breaches a fiduciary duty, the personal representative is chargeable with any loss in value of the decedent's estate, profit made by the

Complaint

personal representative, or any profit that would have accrued to the decedent's estate resulting from the breach of duty. Cal. Prob. Code §§ 9600, 9601. A personal representative owes a fiduciary duty to all parties who have an interest in the estate including heirs, beneficiaries under the will, and creditors. *Nathan v. Superior Ct.*, 12 Cal. 3d 355, 364 (1974).

54. Prior to her death in or around January 2022, Ms. Barland was the Personal Representative of the Estate of Sigurd Anderson.

55. Prior to being appointed as Personal Representative of the Estate of Sigurd Anderson, Ms. Barland knew of the Estate of Sigurd Anderson's outstanding liability for unpaid FBAR Penalties described in paragraph 14.

56. On September 8, 2021, the Estate of Sigurd Anderson filed an Inventory and Appraisal listing certain property as assets of the Estate of Sigurd Anderson including:

    a. A Toyota Truck with VIN 3TMCZ5AN4JM167745 valued at $34,000;

    b. Funds in a bank account at U.S. Bank, with account number ending in -5819, valued at $217,000.

57. Ms. Barland transferred the Toyota Truck referenced at paragraph 56.a) from the Estate of Mr. Anderson to herself for no consideration.

58. Ms. Barland transferred a portion of the funds in the bank account referenced at paragraph 56.b) to the law firm of Sideman and Bancroft LLP and the law firm of Stokes, Hamer, Kirk & Eads, LLP (collectively "the law firms") without obtaining a court order authorizing distributions from the Estate of Mr. Anderson as required by Cal. Prob. Code §§ 1030-1032. Upon information and belief, at least some of the amounts claimed due from the law firms that formed the basis of Ms. Barland's transfer were not for services benefitting the Estate of Mr. Anderson and/or were not reasonable.

Complaint

59. On information and belief, the Estate of Mr. Anderson was insolvent at the time of the transfers described in paragraphs 57 and 58 or was rendered insolvent as a result of those transfers.

60. Under California law, a personal representative's payment of unreasonable and unauthorized expenses constitutes a breach of their fiduciary duty and subjects them to individual liability. Additionally, a personal representative's transfer of estate assets to themselves without court authorization constitutes a breach of the personal representative's fiduciary duties. Cal. Prob. Code § 9600; *Estate of Bonaccorsi*, 81 Cal.Rptr.2d 604, 608-609, (Cal. Ct. App. 1999).

61. Pursuant to 31 U.S.C. § 3713(b), the United States is entitled to a money judgment against Jane Doe II, as personal representative for the Estate of Susan Barland for the judgment entered against Susan Barland, as Personal Representative for the Estate of Sigurd Anderson in *United States v. Barland*, 3:20-cv-02881, Dkt. 48, (N.D. Ca., Nov. 16, 2021) to the extent of the value of the Toyota Truck transferred and to the extent Ms. Barland transferred funds from the bank account referenced at paragraph 56.b) for the payment of non-legitimate estate expenses and/or for the payment of unreasonable fees and costs.

62. In the alternative, the United States is entitled to a judgment that Jane Doe II, as personal representative for the Estate of Susan Barland is liable to the United States under California law for Ms. Barland's breach of fiduciary duty to the extent of the value of the Toyota Truck transferred and to the extent Ms. Barland transferred funds from the bank account referenced at paragraph 56.b) for the payment of non-legitimate estate expenses and/or for the payment of unreasonable fees and costs.

//

//

//

Complaint

WHEREFORE, the United States requests that the Court,

  A. As to Count I, set aside the transfer of the Redway property from Sigurd Anderson to Susan Barland as fraudulent as to the United States pursuant to Cal. Civ. Code § 3439 *et seq*;

  B. As to Count I, find that Jane Doe II, as Personal Representative of the Estate of Susan Barland, is liable for the judgment entered against Susan Barland, as Personal Representative for the Estate of Sigurd Anderson in *United States v. Barland*, 3:20-cv-02881, Dkt. 48, (N.D. Ca., Nov. 16, 2021) to the extent chargeable against the Redway Property;

  C. As to Count II, find that prior to Mr. Anderson's death, Ms. Barland held the Redway Property partly as the nominee of Mr. Anderson and that Mr. Anderson and Ms. Barland continued to own the Redway Property as community property despite the interspousal grant deed.

  D. As to Count III, find pursuant to Cal. Prob. Code §§ 13550 and 13551, that Jane Doe II, as Personal Representative for the Estate of Susan Barland, is liable to the United States for the judgment entered against Susan Barland, as Personal Representative for the Estate of Sigurd Anderson in *United States v. Barland*, 3:20-cv-02881, Dkt. 48, (N.D. Ca., Nov. 16, 2021) to the extent of the value of the Redway Property and any other community property, quasi-community property, or property of Sigurd Anderson that passed to Ms. Barland without administration in Mr. Anderson's estate.

  E. As to Count IV, find pursuant to 31 U.S.C. § 3713(b), that Jane Doe II, as personal representative for the Estate of Susan Barland is liable to the United States for the judgment entered against Susan Barland, as Personal Representative for the Estate of Sigurd Anderson in *United States v. Barland*, 3:20-cv-02881, Dkt. 48, (N.D. Ca., Nov. 16, 2021) to the extent of the value of the Toyota Truck Ms. Barland transferred from the Estate of Sigurd Anderson to herself and for the payments Ms. Barland authorized from the Estate of Sigurd

Complaint

1  Anderson to Sideman Bancroft LLP and Stokes, Hamer, Kirk & Eads, LLP that were not for

2  legitimate estate expenses and/or were not for reasonable fees and costs, plus prejudgment and

3  post-judgment interest thereon as allowed by law until paid;

4      F.   As to Count IV, find in the alternative, that Jane Doe II, as personal representative

5  for the Estate of Susan Barland is liable to the United States for Ms. Barland's breach of

6  fiduciary duty pursuant to California state law to the extent of the value of the Toyota Truck Ms.

7  Barland transferred from the Estate of Sigurd Anderson to herself and for the payments Ms.

8  Barland authorized from the Estate of Sigurd Anderson to Sideman Bancroft LLP and Stokes,

9  Hamer, Kirk & Eads, LLP that were not for legitimate estate expenses and/or were not for

10 reasonable fees and costs, plus prejudgment and post-judgment interest thereon as allowed by

11 law until paid;

12     G.   Award the United States of America its costs, and such other further relief as the

13 Court deems just and proper.

14 Respectfully submitted,

Dated: March 24, 2022

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Isaac M. Hoenig*
JEREMY N. HENDON
ISAAC M. HOENIG
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 353-2466
Fax: (202) 307-0054
Jeremy.Hendon@usdoj.gov
*Attorneys for the United States of America*

Complaint

Complaint